# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) Case No. 1:07CR00037 |
| v. | ) **OPINION AND ORDER** |
| **LONNIE EDWARD MALONE**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; Lonnie Edward Malone, Pro Se Defendant.*

The defendant, a federal inmate, brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2009). Upon review of the record, I find that the government's motion to dismiss must be granted in part because the defendant waived his right to collaterally attack his sentence. However, because his claim that counsel failed to file a notice of appeal after being asked to do so is not barred by his waiver of § 2255 rights and requires further factual development, the government's motion must be denied as to that claim.

I

A grand jury of this court returned a six-count indictment against Lonnie Edward Malone on June 5, 2007, charging him with distribution of crack cocaine, methamphetamine, possession of firearms in furtherance of a drug trafficking offense, and related offenses. Malone retained attorney Barry Proctor to represent him in these matters. Sometime in August 2007, Proctor advised Malone that the government was offering him an opportunity to plead guilty to Count One, the charge that he had possessed a short-barreled shotgun in furtherance of drug trafficking, which subjected Malone to a mandatory minimum sentence of ten years. When Malone asked Proctor for advice about the plea offer, Proctor allegedly told him that he would have to decide for himself whether to accept the offer, but failed to advise him about the consequences of losing at trial as compared to the consequences of accepting the plea offer.[1] Malone now asserts that if counsel had more fully explained the strength of the government's case against him, he would have accepted that first agreement. Sometime after Malone rejected that first plea offer, the grand

---

[1] In his affidavit offered in support of the government's motion to dismiss, Proctor states that he strongly encouraged Malone to accept this first plea agreement. He further states that at Malone's request, he discussed this plea offer with Malone's son and daughter, who also encouraged him to accept the plea offer based on Proctor's advice. Proctor states that until days before the scheduled trial date, Malone maintained that he wanted to have the case tried.

jury returned a superseding indictment which added Count Six, a charge of conspiracy to distribute methamphetamine and crack cocaine.

Shortly before the scheduled trial on the superseding indictment, Proctor advised Malone of a second plea bargain, purportedly offering a 15-year sentence in exchange for his pleading guilty to the gun charge and the drug conspiracy charge in Count Six, involving 500 grams of methamphetamine. Because the ten-year statutory mandatory minimum sentence for the gun charge had to run consecutive to all other sentences and the drug charge carried a mandatory minimum of ten years as well, however, the 15-year sentence offer on these charges was a legal impossibility.

A subsequent third plea offer allowed Malone to plead to the gun charge and to a conspiracy involving only 50 grams of methamphetamine, a lesser included offense of the conspiracy charge in Count Six of the superseding indictment. The reduced conspiracy charge subjected Malone to a mandatory minimum sentence of only five years, making a 15-year minimum sentence possible for a guilty plea to Counts One and Six. Proctor advised Malone that he ought to accept this plea agreement, because at trial he would likely be convicted on all charges and be subject to a much higher sentence. Proctor mentioned specifically that the government would introduce testimony from individuals who had told police they had purchased large

amounts of methamphetamine from Malone as well as evidence of the drugs, guns, and over $53,000 in cash confiscated from Malone's residence.

Malone accepted the third plea agreement, allegedly believing that it guaranteed him a 15-year sentence. Pursuant to this agreement, Malone pleaded guilty on February 29, 2008, to a charge that he possessed a short-barreled shotgun in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A) and (B) (West Supp. 2009) (Count One), and to a charge of conspiracy to distribute 50 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C.A. §§ 841(b)(1)(B) and 846 (West 1999 & Supp. 2009) (Count Six). In exchange for the plea, the government moved to dismiss the other criminal charges against Malone. Pursuant to paragraphs 8 and 9 of the plea agreement, Malone waived his right to appeal and his right to collaterally attack "the judgment and any part of the sentence imposed upon [him] by the Court."

Before accepting Malone's guilty plea, I questioned him thoroughly to ensure that his plea was knowing and voluntary. Malone indicated that he was 57 years old, had completed the seventh grade in school, and could "read and write a little bit." (Plea Tr. 3, Feb. 29, 2008.) He denied that he had been treated in the past for substance abuse, but stated that within the 24 hours before the plea hearing, he had

taken his prescriptions, including a medication for depression and a sleeping pill. I questioned Malone specifically about his ability to understand the proceedings:

> COURT: Do any of these medicines that you're taking affect your ability to understand what's going on here today?
>
> MALONE: I have trouble remembering things.
>
> COURT: Well, the question, I guess, is can you understand what's happening today?
>
> MALONE: Yes.
>
> COURT: What are we here for today?
>
> MALONE: For a plea bargain.
>
> COURT: And are you presently under the influence of alcohol?
>
> MALONE: No.
>
> COURT: And counsel, do you have any question or doubt as to your client's competency?
>
> COUNSEL: No, Your Honor, I do not.

(*Id.* 5.)

Malone affirmed that he had had adequate time to discuss the superseding indictment, the case, and the plea agreement with counsel and that he had initialed each page of the plea agreement and signed it, indicating that he had read and understood its terms. He affirmed that he was fully satisfied with counsel's

representation. He then indicated that he understood the terms of the Plea Agreement as summarized by the prosecutor. I specifically asked Malone if he understood the provisions waiving his right to appeal and his right to bring a collateral attack under § 2255. He indicated that he did. He denied that anyone had tried in any way to force him to plead guilty.

I explained to Malone that until I considered the sentencing guideline range at sentencing, there was no guarantee as to what his sentence would be, except that I would be required to sentence him to at least 15 years in prison. Malone indicated that he understood. I explained the rights Malone was waiving by pleading guilty and the elements of the charge that the government would have to prove if he went to trial. He indicated that he understood. The prosecutor then summarized the evidence in support of the plea, with no dispute from Malone. When asked if he was pleading guilty because he was in fact guilty of the conduct charged, Malone affirmed that he was. Finding that Malone was competent and was entering his guilty plea in an informed and voluntary manner, I accepted his guilty plea.

Malone was sentenced on May 19, 2008. The presentence investigation report ("PSR") found that Malone's base offense level for his drug offense under the advisory sentencing guidelines was 36, recommended an enhancement of four levels based on his leadership role in the conspiracy, and recommended a three-point

reduction for acceptance of responsibility, for a total offense level of 37. With his criminal history category of I, the PSR found that Malone's sentencing range was 210 to 262 months.[2] Neither party filed objections to the PSR. Attorney Proctor asked the court to consider sentencing Malone to the mandatory minimum sentence of five years on the drug charge, based on his age, his poor health, and in comparison to the relatively lenient sentence imposed on his codefendant. I found no parallel with the codefendant's conduct and noted that Malone had not proven a legitimate source for the large amount of cash seized from his home. I sentenced Malone at the bottom of the guideline range to 210 months in prison on the drug charge, with a consecutive sentence of 120 months on the firearms charge, for a total sentence of 330 months imprisonment. He did not appeal.

Malone filed this § 2255 motion in November 2008, raising a two-part claim:

1. Counsel provided ineffective assistance

    a. regarding the first plea bargain offered to him by the government in September 2007; and

    b. regarding the third plea agreement, offered to him by the government in February 2008.

---

[2] According to paragraph 60 of the PSR, if Malone had proceeded to trial on all charges of the indictment, he would likely have faced a guideline range of 292 to 365 months in prison on the drug charges alone.

In March 2009, after the government moved to dismiss the initial § 2255 motion, Malone submitted an amendment to his motion, raising these additional claims:

2. The defendant did not enter into the plea agreement knowingly and voluntarily because he was under the influence of medication during the plea hearing;

3. Counsel provided ineffective assistance because he:

   a. coerced the defendant into agreeing to a guilty plea against the defendant's best interests, when the defendant was under the influence of medication;

   b. did not request an evidentiary hearing to require the government to prove by a preponderance of the evidence that the defendant was guilty of the firearms charge to which he was pleading guilty;

   c. did not object at sentencing on the ground that the government did not present witness testimony or affidavits;

   d. did not raise proper objections to the PSR or ask for an evidentiary hearing regarding sentencing issues;

   e. did not file a notice of appeal after the defendant asked him to do so; and

   f. did not file an interlocutory appeal of the denial of the motion to suppress.[3]

---

[3] Malone has submitted additional argument and authority in support of his claim that counsel failed to file a notice of appeal. As this material relates back to his original, timely filed claim, I will grant the amendment.

The government made no response to any of Malone's amended claims, relying solely on the arguments raised in the earlier motion to dismiss. Malone has responded to the government's arguments, making the matter ripe for disposition.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is knowing and intelligent depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992)

(quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). When a defendant alleges that ineffective assistance of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights. *See, e.g., Lemaster*, 403 F.3d at 221-22; *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir.1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."). *See also Hill v. Lockhart*, 474 U.S. 52, 53-59 (1985) (finding that court may address ineffective assistance claims bearing on validity of guilty plea, even concerning matters that would ordinarily be waived by entry of plea).

The court's waiver analysis must focus first on the defendant's statements during the plea hearing. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-22. If the court determines that the defendant's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a

hearing. *Id.* at 220 (internal quotations and citations omitted). After determining that statements made during the plea hearing indicated that the defendant had entered a valid guilty plea and waiver of his § 2255 rights, the court in *Lemaster* addressed the defendant's ineffective assistance claims only to the extent that they had some alleged bearing on the validity of the plea. *Id.* at 222-23. The court found that the defendant's allegations contradicted his sworn statements at the plea hearing and, accordingly, upheld the validity of the § 2255 waiver and dismissed all claims as waived. *Id.* at 223.

III

Malone's statements under oath during the guilty plea hearing support a finding that his plea was valid. His statements gave every indication that he understood the proceedings, the elements of the charges, the evidence against him, the potential sentences he faced, and the consequences of his plea and plea agreement, including his waivers of his right to appeal and his right to bring this collateral attack under § 2255. I find now, as I did then, that his guilty plea and his waivers were knowing and voluntary and therefore, valid. *Lemaster*, 403 F.3d at 221-22.

In Claims 1(a), 1(b), 3(a), and (f), Malone asserts that his counsel's incompetent advise about the government's plea offers and counsel's failure to file

an interlocutory appeal of the court's denial of his motion to suppress caused his guilty plea and his waiver of § 2255 rights to be unknowing and invalid. These claims are based on assertions directly contradicted by Malone's statements to the court, however. Malone stated at the guilty plea hearing that he was fully satisfied with counsel's representation. He did not mention any dissatisfaction with counsel's advice regarding the first plea agreement or counsel's failure to appeal the suppression ruling. Malone clearly indicated that no one had "forced" him to plead guilty and that he was pleading guilty voluntarily, because he was actually guilty and believed the plea agreement to be in his best interest. His responses during the plea hearing gave no indication that his medications interfered with his ability to understand any element of the proceedings, as he now alleges. As Claims 1(a), 1(b), 3(a), and (f) are in direct contradiction of Malone's testimony during the plea hearing, under oath, I find these claims to be "palpably incredible" so as to warrant summary dismissal. *Id.* at 220.

Malone's Claim 1, that he was incompetent to plead guilty, is also incredible in light of his behavior and statements of understanding during the plea hearing and must be summarily dismissed under *Lemaster*. *Id.* Moreover, Malone's claims of ineffective assistance as to sentencing issues have no bearing on the validity of his guilty plea or his plea agreement waiver of the right to bring this § 2255 motion.

Accordingly, I find that the waiver is valid and bars further review of the following claims: 1(a), 1(b), 2, 3(a), 3(b), 3(c), 3(d), and 3(f). I will dismiss these claims as waived.

IV

It is well established that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Moreover, the defendant may raise such a claim in a § 2255 motion despite having pleaded guilty pursuant to a plea agreement that included a waiver of § 2255 rights. *Id.* at 272. Under this precedent, if Malone can prove his allegation that he communicated a request to counsel for a notice of appeal, he is entitled to § 2255 relief in the form of a new opportunity to appeal his criminal sentence. Furthermore, because Malone's sole claim falls outside the scope of his plea agreement waiver of § 2255 rights, I find that the government's waiver argument is

without merit as to this claim. I will deny the motion to dismiss and set the matter for an evidentiary hearing.

V

For the stated reasons, it is **ORDERED** as follows:

1. The defendant's Motion to Amend/Supplement (Dkt. No. 140) is GRANTED and the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.A. § 2255 is amended as stated;

2. The motion to dismiss is GRANTED IN PART AND DENIED IN PART;

3. The motion to dismiss is DENIED as to the defendant's claim that counsel failed to file a notice of appeal after being requested to do so and the motion to dismiss is GRANTED as to all other claims;

4. The clerk shall schedule an evidentiary hearing in the United States Courthouse in Abingdon, on the sole claim that the defendant asked his attorney to file a notice of appeal and the attorney failed to do so, and if possible shall arrange for the defendant to participate in the proceeding via videoconferencing; and

5. The clerk shall arrange for the appointment of counsel to represent the defendant in this § 2255 action, pursuant to 18 U.S.C.A. § 3006A(a)(2)(B) (West 2000 & Supp. 2009).[4]

ENTER: December 7, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] In the alternative, within ten days from entry of this order, the government may request that, in the interest of judicial economy and without conceding that counsel was ineffective as alleged, the court should grant petitioner a renewed opportunity to appeal his conviction and sentence.