**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-6807**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

LONNIE EDWARD MALONE,

        Defendant – Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge. (1:08-cv-80114-JPJ-MFU; 1:07-cr-00037-JPJ-MFU-1)

---

Submitted:  July 29, 2011                Decided:  August 16, 2011

---

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

---

Reversed by unpublished per curiam opinion.

---

Lonnie Edward Malone, Appellant Pro Se. Jennifer R. Bockhorst, Zachary T. Lee, Steven Randall Ramseyer, Assistant United States Attorneys, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Edward Malone appeals from the denial of his 28 U.S.C.A. § 2255 (West Supp. 2011) motion. We previously granted a certificate of appealability ("COA") on the issue of whether Malone received ineffective assistance of counsel when his attorney allegedly failed to properly consult with him regarding an appeal. We now reverse the district court's ruling.

After his sentencing, Malone expressed an interest in appealing, but his attorney never spoke with him personally about an appeal. Instead, the attorney spoke with Malone's son and daughter-in-law and wrote Malone a letter that was not received until after the appeal period had expired. In a meeting with Malone's son and in his letter, the attorney stated he would not file a notice of appeal and that Malone would likely receive a longer sentence if he appealed.

In reviewing the denial of a § 2255 motion, we review the district court's legal conclusions de novo and its factual findings for clear error. Mixed questions of law and fact, such as the issue of whether a lawyer's performance was constitutionally adequate, are reviewed de novo. United States v. Roane, 378 F.3d 382, 395 (4th Cir. 2004).

In order to succeed on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance fell below an objective standard of

2

reasonableness; and (2) that counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In United States v. Peak, 992 F.2d 39, 41 (4th Cir. 1993), we held that the Sixth Amendment obligates counsel to file an appeal when his client requests him to do so. Failure to note an appeal upon timely request constitutes ineffective assistance of counsel, regardless of the likelihood of success on the merits. Id. at 42. A waiver of appellate rights in a plea agreement does not absolve counsel of this duty. United States v. Poindexter, 492 F.3d 263, 271-73 (4th Cir. 2007). Moreover, even if the defendant fails to clearly instruct counsel to note an appeal, counsel must still consult with the defendant about an appeal under certain circumstances. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

Specifically, counsel is required to consult with a defendant "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Consulting entails "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478; see also In re Sealed Case, 527 F.3d 174, 175-76 (D.C. Cir. 2008) (noting that, after

3

attorney advised client regarding advantages and disadvantages of appealing, attorney must actively attempt to "discover the defendant's wishes" within the appeal period).

In addition to showing that counsel's performance in failing to consult was deficient, the prisoner must also establish he was prejudiced by this failure. Flores-Ortega, 528 U.S. at 484. To demonstrate prejudice, the prisoner must show "a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id.

In his opening brief, Malone did not contest the district court's conclusion that he never directed his attorney to file an appeal; he contended only that his attorney did not adequately consult with him regarding an appeal as required by Flores-Ortega. In his reply brief, Malone claims that his statements after sentencing were sufficient to require his attorney to file a notice of appeal. However, because this claim is raised for the first time in his reply brief, Malone has waived consideration. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001). In addition, our COA was narrowly tailored to the question of adequate consultation, and Malone has not moved to expand the certificate.

The next question is whether counsel was required to consult with Malone, that is, whether Malone's attorney was on

4

notice that Malone would likely want to appeal. While it is debatable whether a rational defendant would want to pursue an appeal given the facts of this case, counsel was still required to consult with Malone if Malone "reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. Malone told his attorney directly after sentencing that he wanted to appeal. In addition, Malone's son and daughter-in-law both spoke with counsel about Malone's desire to appeal. We conclude, as the district court did, that these requests adequately demonstrated Malone's interest in appealing and triggered counsel's duty to properly consult with him regarding an appeal.

Turning to the question of whether counsel's consultation was adequate, the district court concluded that counsel's discussions with Malone's son and daughter-in-law and his drafting a letter that was not received prior to the expiration of the time to appeal satisfied his duty to consult. We determine that the district court's holding was in error as a matter of law. First, counsel's advice, even if received by Malone, did not adequately inform Malone of the advantages and disadvantages of a plea. Counsel incorrectly advised Malone's family members that filing an appeal could result in the Government seeking an enhanced sentence by removing his acceptance of responsibility adjustment. While the plea

5

agreement intimated that this was a possibility, there is no procedure by which this could be completed, and the district court concurred that this advice was incorrect.

Nonetheless, the district court concluded that, because an appeal might have resulted in an increased sentence, counsel's advice was sufficient. Pursuant to the plea agreement, following the filing of a notice of appeal by Malone, the Government would have been free to bring additional charges and recharge dismissed counts. Such a course of conduct might indeed have resulted in an increased sentence, but it would be only a risk, not a probability.* Moreover, Malone's waiver did not waive the right to bring any and all appeals; an appeal waiver cannot waive certain fundamental claims. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Thus, the language in the plea agreement regarding sanctions for the mere filing of a notice of appeal on any grounds whatsoever was likely unenforceable, and counsel did not recognize this. As the consequences for filing a notice of appeal in this case were legally complex, counsel's assertion that Malone likely faced a

---

* First, it is unknown whether the Government would embark on another prosecution of Malone given the time and expense involved. Second, Malone may or may not have been convicted of the additional charges. Third, any additional sentence may have been run concurrently to his current sentence, given that the dismissed counts were taken into account in determining Malone's initial offense level.

longer sentence if he filed a notice of appeal, even if received by Malone, did not adequately advise Malone of all the circumstances surrounding a potential appeal.

In addition, counsel violated his responsibilities by stating in his untimely letter and in discussion with Malone's son that he would not file a notice of appeal on Malone's behalf. Counsel refused to represent Malone on appeal and informed him that he needed to secure other counsel to file an appeal for him. An attorney is not at liberty to disregard the appellate wishes of his client. Poindexter, 492 F.3d at 269. An attorney is obligated to file a requested appeal even if the attorney believes the appeal is meritless or even harmful to the client's interests. Peak, 992 F.2d at 41; Poindexter, 492 F.3d at 273. Counsel's statement that he would not file a notice of appeal rendered the remainder of his consultation suspect. That is, Malone would not likely make an explicit request for an appeal given his attorney's statement that he would not file one.

Further, even if counsel's statements and advice were somehow sufficient, he made no effort to determine whether Malone actually received his advice or whether Malone had made a decision. Given Malone's repeated inquiries regarding an appeal, counsel's failure to ascertain Malone's decision was unreasonable. Thus, we conclude that Malone's attorney failed

7

to provide proper consulation in that he incorrectly and incompletely advised Malone regarding the advantages and disadvantages of a plea and then failed to determine whether Malone wanted to appeal.

Regarding the prejudice prong, the district court concluded that, had Malone wished to appeal, he could have done so on his own. However, counsel never informed Malone of this option and instead incorrectly informed him that he needed to find another attorney. Moreover, counsel provided incorrect information to Malone's family members, which may have discouraged Malone from filing an appeal. It is undisputed that Malone expressed an interest in appealing to his attorney, that his daughter-in-law also inquired about an appeal, that Malone sent his son to find out about an appeal, and that Malone attempted to set up a meeting to discuss his appeal.

While it is true that the court stated at sentencing that the clerk would prepare and file a notice of appeal for Malone, if so requested, the court did not ensure that Malone heard or understood this remark. Moreover, counsel's statements that Malone would have to find another attorney to appeal were made after the court's statements and may have confused Malone. In any event, immediately following sentencing, Malone expressed a clear, undisputed interest in appealing. The district court implicitly concluded that, subsequently, Malone must have

8

changed his mind or he would have filed a pro se notice of appeal. However, the district court ignored that, after his expressed desire to appeal, Malone received incorrect advice and instructions from his attorney. Thus, even if Malone did change his mind, it does not undermine his showing of prejudice. We hold that Malone has made a sufficient showing that, had his attorney properly consulted with him, he would have filed a timely notice of appeal. See Frazer v. South Carolina, 430 F.3d 696, 712 (4th Cir. 2005) (finding that Frazer's "unwavering and ongoing" interest in an appeal, coupled with his "tenacity in pursuing habeas relief," adequately satisfied the prejudice prong).

Accordingly, we reverse the district court's denial of Malone's § 2255 motion, vacate his sentence, and remand the case for reentry of that sentence, so that Malone may have a second chance to seek direct review. We deny Malone's motion for judicial notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED