# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:07CR00037-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LONNIE EDWARD MALONE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Lonnie Edward Malone, Pro Se Defendant.*

Defendant Lonnie Edward Malone., a federal inmate proceeding pro se, has filed a motion to reduce sentence pursuant to § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which amended 18 U.S.C. § 3582(c), expanding the circumstances under which federal prison inmates may seek compassionate release.

## I.

The defendant was sentenced on May 19, 2008, after his guilty plea to drug and firearms offenses to a total of 330 months imprisonment to be followed by a five-year period of supervised release.[1] According to the website of the Bureau of

---

[1] After a subsequent motion under 28 U.S.C. § 2255 was denied, the court of appeals remanded the case for reentry of that sentence, so that Malone could pursue a direct appeal. The sentence was reentered by this court on October 13, 2011, but

Prisons ("BOP"), the defendant's current projected release date is December 13, 2028.

Prior to the 2018 FSA, only the Director of the BOP could file a motion with the court seeking compassionate release for an inmate. However, the 2018 FSA amended § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The defendant seeks compassionate release on the ground that he is 68 years old and suffers from "a series of ailments that have mostly stemmed from his colon-rectal cancer in the late 1990s and many issues stemming from the subsequent treatment." Mot. 2, ECF No. 294. The defendant alleges that more than 30 days has elapsed since he made a request for release to his case manager at his institution and no response has been received.

---

Malone's following appeal was unsuccessful. *United States v. Malone,* 478 F. App'x 50 (4th Cir. 2012) (unpublished).

## II.

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The U.S. Sentencing Guidelines Manual ("USSG") defines extraordinary and compelling reasons in relation to the medical condition of the defendant, as follows:

(A) **Medical Condition of the Defendant**,—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant**.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

USSG § 1B1.13 cmt. n.1(A, B) (2018).

It does not appear that the defendant's ground for compassionate release complies with any of these categories. Even considering them merely as "helpful guidance on the factors that support compassionate release," *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019), I do not find that Malone is qualified for such extraordinary relief.

### III.

Malone relies on a decision from the United States District Court for the Southern District of Florida, *United States v. Gass*, No. 10-60125-CR-COHN (S.D. Fl. May 1, 2019), in which the court granted an inmate's motion for compassionate release when, like Malone, he was dependant on a colostomy bag after his recovery from colorectal cancer. While the situations may be similar, I do not find the decision of the Florida court persuasive. I do not doubt that Malone's imprisonment is made more severe by his condition, for which I have sympathy. However, the federal prison system contains many inmates who have medical conditions that make confinement more difficult. I do not believe that the intent of the Sentencing Commission's Policy Statement is to reach all such inmates.

For these reasons, the defendant's motion, ECF No. 294, is DENIED.

        ENTER: July 25, 2019

        /s/ *James P. Jones*
        United States District Judge